# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 10, 2012 Session

## KIMBERLIE EDMONSON v. JEREMY JAMES McCOSH ET AL.

### Appeal from the Chancery Court for McMinn County
No. 23964     Jerri S. Bryant, Chancellor

---

### No. E2010-01588-COA-R3-CV-FILED-SEPTEMBER 6, 2012

---

CHARLES D. SUSANO, JR., Judge, concurring in result.

I concur completely in the result reached by the majority. I write separately to express my disagreement with the following dicta in the majority opinion:

> While the wording of [Tennessee Supreme Court] Rule 13 [§1(d)(2)(B)] indicates that Grandmother *may* have had a statutory right to an attorney during the termination proceeding,
> . . .

(Emphasis in original.)

As relevant to the facts of this case, Tennessee Supreme Court Rule 13 §1(d)(2)(B) provides as follows:

> In the following proceedings, . . . the court . . . shall advise any party without counsel of the right to be represented throughout the case by counsel and that counsel will be appointed if the party is indigent and, . . . requests appointment of counsel. . . . (B) Cases under Titles 36 and 37 of the Tennessee Code Annotated involving allegations against parents that could result in finding a child dependent or neglected or in terminating parental rights;

In my opinion, this provision does not apply to Kimberlie Edmonson because she is not a "party" to the termination case and is not a "parent[]" of the child at issue in Father and

Stepmother's petition to terminate Mother's parental rights. Accordingly, I would hold that Ms. Edmonson was not entitled to the appointment of counsel in the termination action of which she was not a party; and that, based upon well-established precedent cited in the majority opinion, she has no constitutional or statutory right to appointed counsel in the custody case of which she is a party.

_____
CHARLES D. SUSANO, JR., JUDGE